**Motion Granted, Appeal Dismissed, and Memorandum Opinion filed April 6, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00647-CV

---

### JAMIE GALVAN, Appellant

### V.

### BRAZORIA COUNTY, TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 2 and Probate Court
Brazoria County, Texas
Trial Court Cause No. CI63421**

---

### MEMORANDUM OPINION

Before the court is a motion to dismiss the appeal filed by appellee Brazoria County, Texas on the basis that this court lacks jurisdiction over this appeal as appellee Jamie Galvan did not timely file an objection with the trial court in an eminent domain proceeding. We grant the motion and dismiss the appeal.

This appeal arises from condemnation proceedings in Brazoria County. On February 10, 2022, three special commissioners appointed pursuant to Texas

Property Code § 21.014 held a hearing and signed an award assessing damages to be paid by Brazoria County for Condemnation of property within the county. The award reflects that its signing occurred the same day as a hearing at which appellant, among other individuals, appeared personally or through counsel. The appellate record reflects that the only document appellant filed in the trial court in association with this proceeding is a motion to withdraw funds deposited in the trial court's registry, which he filed on March 17, 2022. In addition, the appellate record reflects that between the signing of the commissioners' award and appellants' March 17th filing, the only documents filed with the trial court reflected mailing and service of documents, and provided notice that the damages the commissioners awarded had been deposited with the trial court. The trial court signed a final order adopting the commissioners' award and awarding other relief on August 24, 2022. This appeal followed.

Although the motion and the briefing have raised multiple arguments for why this court ostensibly lacks jurisdiction over this appeal, this court only needs to resolve one of them to dispose of this case. The motion asserts that because no party timely filed objections to the commissioners' award with the trial court, the trial court's judgment on the commissioners' award is not appealable. Under the applicable statute, "[a] party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court." Tex. Prop. Code Ann. § 21.018(a). When no party has timely filed an objection to the commissioners' award, "there is no judgment from which a party can appeal." *NA Land Co. v. State*, 624 S.W.3d 671, 673 (Tex. App.—Houston [14th Dist.] 2021,

2

no pet.).

Under the deadline provided by the statute, appellant and all other parties to the condemnation proceeding had until March 7, 2023 (the first Monday occurring more than 20 days after the commissioners' award was signed) to file an objection to the commissioners' award with the trial court. The appellate record does not reflect that any party filed an objection with the trial court by that deadline.[1] Consequently, this court lacks jurisdiction over this appeal.

On March 16, 2023, notification was transmitted to the parties that the appeal was subject to dismissal for want of jurisdiction without further notice unless any party demonstrated this court had jurisdiction on or before March 27, 2023. *See* Tex. R. App. P. 4.1(a), 42.3(a). Appellant's response fails to demonstrate this court can exercise jurisdiction over this appeal.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Wilson.

---

[1] As appellant's sole filing with the trial court, aside from the notice of appeal, was filed after the statutory deadline, there is no need for this court to determine whether the filing was an objection that would enable appellant to appeal a judgment from the trial court.